## BLEDSOE v. GRAND LODGE OF UNITED BROTHERS OF FRIENDSHIP OF TEXAS et al.

### No. 12775.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1932.

Rehearing Denied Sept. 24, 1932.

Fred S. Dudley and Mike E. Smith, both of Fort Worth, for appellant.

Johnson & Peden and Nabrit, Atkins & Wesley, all of Houston, for appellees.

DUNKLIN, J.

This suit was instituted by W. F. Bledsoe against the Grand Lodge of United Brothers of Friendship, hereinafter referred to as the association, to recover a judgment in the sum of $8,800 alleged to be due plaintiff as salary to which he was entitled as Grand Master of the association. W. L. Davis was also made a defendant upon allegations that, contrary to and in violation of the constitution and by-laws of the association, he had assumed to exercise the powers and privileges of the office of Grand Master to the exclusion of plaintiff, who, according to the constitution and by-laws of the association, was rightfully its Grand Master. It was further alleged in the petition that defendant Davis wrongfully usurped the functions of that office on May 3, 1930, and had excluded plaintiff therefrom ever since, and the debt sued for against the association was for the salary of $300 per month accruing since that date, that amount of compensation being fixed by the constitution and by-laws of the association. It was alleged that under the constitution and by-laws of the association Davis was ineligible to hold the office, by reason of his failure to pay the prescribed dues, the nonpayment of which automatically worked a suspension of his membership in the association.

In the petition plaintiff sought and was granted a temporary writ of injunction restraining Davis from exercising the functions and privileges of Grand Master. Later that temporary writ of injunction was dissolved, and from that order of dissolution plaintiff has prosecuted this appeal.

It was alleged that the defendant Grand Lodge of United Brothers of Friendship was incorporated as a fraternal benefit association under the laws of the state.

Chapter 8, tit. 78, Rev. Civ. Statutes 1925 (article 4820 et seq.), is the law governing "fraternal benefit societies." Article 4820 of that chapter authorizes incorporation with powers and under regulations shown in the subsequent articles. Article 4822 of that chapter gives to the society the right to have a "supreme legislative or governing body." And by article 1 of the constitution of the defendant association, it is provided that the Supreme Lodge is the source of all powers given to the association by the laws of the state

of Texas, and is vested with exclusive jurisdiction and power to do and perform many acts that are expressly enumerated in ten separate sections of the article, including the power to determine appeals from subordinate lodges and temples. Other articles of the constitution prescribe how members of the Grand Lodge and the Grand Master shall be elected, the qualifications of voters at such elections, who are eligible to election to the Grand Lodge, the duties and powers of the Grand Master, the method of filling vacancies in office, etc.

■It is a well-settled rule that in order to obtain relief in equity through the means of a temporary writ of injunction, the complainant must show that he has no other adequate legal remedy, and the petition must negative every fact from which it could reasonably be inferred that he has a legal remedy against the wrong complained of. Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045, and decisions there cited; Gillis v. Rosenheimer, 64 Tex. 246.

■ If, as alleged in plaintiff's petition, the defendant Davis was wrongfully usurping the office of Grand Master of the association, it is clear that the governing body of the association, provided for in the constitution, would have had jurisdiction to oust him therefrom and reinstate plaintiff if he was the rightful holder of that office, as alleged by him. And under the rule of equity just stated, in order to show a right to the writ of injunction prayed for, it was incumbent upon plaintiff to allege and prove that he had applied to the governing body for that relief without success. But the petition contains no allegation that any such attempt had been made to get relief in that manner, and no excuse has been offered for failure to take that step. And his failure so to do was of itself a sufficient ground for dissolving the writ of injunction that was issued.

■■ The cause of action alleged against the association for debt is separate and independent from that alleged against the defendant Davis. There has been no suggestion by appellee of a misjoinder of causes of action and of parties defendant; but aside from that observation it is to be noted that the sole cause of action alleged against Davis was for his removal from office as Grand Master and for reinstatement of plaintiff to that office. To grant the temporary writ of injunction prayed for would have the effect of determining the sole cause of action against Davis in advance of a hearing on the merits; it appearing from the allegations in plaintiff's petition and also in the answer filed by Davis that the latter is now exercising the functions of the office under a claim of right thereto. It is elementary that the issuance of a temporary injunction is ancillary to the main cause of action; and the proper function of such a writ is to restrain the doing of some act which would disturb the status of the subject-matter or in some manner prejudice the rights of plaintiff which may be established on a final trial of the merits. We quote the following from 22 Cyc. p. 878: "Officers of a corporation will not be enjoined from acting as such within their chartered powers and in the exercise of discretion, for malfeasance in office or other reasons, even though they are only de facto officers. It is not the province of equity to decide the right to an office, although it may do so as an incident to matters otherwise within its jurisdiction; and where an injunction to prevent an officer from acting as such is really to test the validity of his election it will be refused. Nor is injunction the proper remedy for the removal of an officer, nor for restoring one wrongfully removed."

■ In 14a Corpus Juris, p. 63, the following is said: "While the contrary has been held, the general rule is well settled in most jurisdictions that a court of equity has no power or jurisdiction to entertain a bill merely for the purpose of reviewing a corporate election; nor to oust parties in possession who claim to have been elected." See, also, pages 76 to 77 of the same volume.

And in 32 Corpus Juris, p. 240 the following is said: "It is not the province of equity to decide the right to an office although it may do so as an incident to matters otherwise within its jurisdiction; and while there is some authority to the contrary, it has very generally been held that, where an injunction to prevent an officer from acting as such is really to test the validity of his election, it will be refused."

■ To grant the temporary writ of injunction prayed for by the plaintiff would clearly be in contravention of the well-established rule announced in those authorities; and also in violation of the further rule in equity announced in 32 Corpus Juris, p. 26: "If the issuance on preliminary application of an injunction mandatory in nature will have the effect of granting to the complainant all the relief that he could obtain upon a final hearing, the application should be refused except in very rare cases, and then only where complainant's right to the relief is clear and certain."

And in support of the announcement last quoted the following decisions, among others, are cited by the author: McFadden v. Wiess (Tex. Civ. App.) 168 S. W. 486; Ort v. Bowden (Tex. Civ. App.) 148 S. W. 1145; American Lead Pencil Co. v. Schneegass (C. C.) 178 F. 735. See, also, 14 R. C. L. pp. 314, 315.

Therefore, the action of the trial court in dissolving the temporary writ theretofore issued is sustainable under the doctrine of the authorities last referred to, independently of other reasons.

In view of the foregoing conclusions, the judgment of the trial court dissolving the writ of injunction is affirmed, without a discussion of other grounds urged by appellee in support of the order, a determination of which becomes unnecessary.