## CLEERE v. WISE.
### No. 9176.

Court of Civil Appeals of Texas. Austin.
June 25, 1941.

312

junction which required appellee, Kenneth Wise, to reinstall certain coin operated machines in his cafe known as the Tip Top Tavern, and which injunction had theretofore been obtained by appellant, C. A. Cleere, in his suit against appellee for specific performance of a contract between them, giving appellant the exclusive right to install and operate the machines in the cafe.

The written contract in suit provided that in consideration of $150 paid, and in further consideration of one-half the proceeds, appellee sold and conveyed to appellant the exclusive right for a period of two years to install and operate all coin operated machines in appellee's cafe, appellant agreeing to keep the machines in good working order and to install only machines of up-to-date appearance. The machines were music, shooting gallery, and other coin operated machines for the amusement and entertainment of the customers of the cafe.

About one year after the installation and operation of the machines, during which time appellant received about $50 per week as his share of the proceeds, appellee disconnected them and allowed a third party to install similar machines in the cafe, the third party paying appellee $200 for such right. Appellant wrote appellee demanding that he remove the machines of the third party and reinstall appellant's machines and operate them in accordance with the contract; and after appellee's refusal to do so, appellant brought this suit for the specific performance of the contract, alleging his damages to be about $50 per week, and that he had no adequate remedy at law because of the insolvency of appellee, and praying that appellee be required to reconnect or reinstall the machines and to operate them as contemplated by the contract, pending the final judgment.

The trial court granted the temporary injunction, but on motion dissolved it after a hearing, reciting in the order dissolving it: (1) that appellant had a valid contract with appellee; (2) that appellant had not breached the contract, but had used due diligence to perform it; and (3) that appellee had breached the contract by disconnecting the machines and refusing to permit their operation, and by attaching the machines of a third party. However, the court dissolved the temporary injunction upon the plea of appellee that the con-

Callaway & Callaway, of Brownwood, for appellant.

Owen & Bohannon, of Brownwood, for appellee.

BLAIR, Justice.

This appeal is from an order dissolving, after hearing, a temporary mandatory in-

tract lacked mutuality of remedy, in that it called for the personal services of appellant to keep the machines in running order, and was therefore a contract which could not be specifically enforced against appellant; hence this appeal.

We think that the trial court erred in dissolving the injunction upon ground of lack of mutuality of remedy to enforce the contract; but hold that the court did not abuse its discretion in dissolving the injunction upon another ground presented by the pleadings and facts, which ground will be later discussed.

The essential provisions of the contract were that appellee sold to appellant the exclusive right to install and operate the coin machines in appellee's cafe, in consideration of $150 paid and one-half of the future proceeds of operation. The contract obligated appellant to keep the machines in good order or repair, which service was only incidental to the contract to furnish the machines, the subject matter of the contract. The machines were the property of appellant, and the repairs called for by the contract were on the machines in order that they might be preserved and render the services for the profit of both parties. The contract did not require appellant to render any personal services to appellee, and appellant was in no sense the employe or agent of appellee, and no personal service relationship was created by the contract. So long as the machines operated they gave appellee everything he contracted for, and there was no need for the supervision of their performance so long as they operated. The machines required no particular skill or ability to determine if they were operating properly, and the only skill or supervision contracted for was to repair them after they failed to work. Thus the cases cited where a true personal service relationship was created, or where the need of actual supervision of performance was required by the contract, are not applicable. We think the case, if the trial court had seen fit to issue the temporary injunction, or to have left it in force, comes within the rule stated in 24 Tex. Jur., 43, § 26, as follows:

"An employee's breach of his agreement may be prevented by injunction where the services contracted for are special, unique or extraordinary, requir-

ing personal merit or qualification, or where they are purely intellectual or peculiar and individual in their character, and where in case of default the same service cannot be obtained from others."

We are of the view, however, that the trial court did not abuse its discretion in dissolving the temporary mandatory injunction, under the rule that such an injunction will not ordinarily be granted if it will change the status quo and give to a plaintiff relief proper only after a final hearing. In the instant case there would have been no material difference in granting appellant a specific performance of the contract and in granting him a temporary mandatory injunction commanding appellee to reconnect and permit the operation of the machines as required by the contract. Appellant did not seek damages for a breach of the contract, but prayed only for its performance. Thus the relief sought by injunction was essentially all the relief to which appellant would have been entitled to on final hearing and after he had established his right to such equitable remedy. Both specific performance of a contract and a mandatory injunction to compel its performance are equitable remedies; and since on the final trial on the merits it may be shown that appellant is not entitled to a specific performance of the contract, we hold that under the rule stated the trial court did not err in dissolving the temporary mandatory injunction. Hume v. Zuehl, Tex.Civ.App., 119 S.W.2d 905; City Council of City of Ft. Worth v. Ft. Worth Associated Master Plumbers & Heating Contractors, Tex. Civ.App., 8 S.W.2d 730; Colby v. Osgood, Tex.Cix.App., 230 S.W. 459; Nelson v. Thompson, Tex.Civ.App., 64 S.W.2d 373; City of San Antonio v. Hamilton, Tex.Civ.App., 180 S.W. 160; and Bledsoe v. Grand Lodge of United Brothers, Tex. Civ.App., 53 S.W.2d 73.

The question of inadequacy of remedy at law likewise relates to trial on the final merits and need not be discussed here. At most such inadequacy was pleaded as showing that appellant was entitled to a decree of specific performance of the contract because appellee was insolvent and could not be made to respond in damages for a breach of the contract.

The trial court's judgment is affirmed.