**FIRST STATE BANK & TRUST COMPANY OF RIO GRANDE CITY,**
Texas, Appellant,

v.

**STARR COUNTY, Texas, Appellee.**

No. 13266.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 25, 1957.

Rehearing Denied Oct. 30, 1957.

Hill, Lochridge & King, Mission, Pope & Pope, Rio Grande City, for appellant.

Sidney P. Chandler, Corpus Christi, L. Hamilton Lowe, Austin, A. J. Vale, Rio Grande City, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Starr County, Texas, acting through its Commissioners' Court, against the First State Bank & Trust Company of Rio Grande City, Texas, seeking a temporary injunction requiring the Bank as a depository of the County to transfer $6,434.75 from the Special Road and Bridge Fund of the County, to the Officers' Salary Fund, and the sum of $4,255.90 from the Special Road and Bridge Fund, to the General Fund of said County and thence to the Officers' Salary Fund. After notice and hearing, a temporary injunction was granted as prayed for, and the Bank has prosecuted this appeal.

It is the contention of the Bank that the transfer which is ordered made by the temporary injunction is on its face a transfer from a constitutional fund to the Officers' Salary Fund, where such money so transferred would be spent for a purpose for which it was not collected.

It appears from the record that on May 28, 1957, the Commissioners' Court of Starr County adopted an order directing the Bank, its depository, to make the transfer of funds as above stated, and on May 31, 1957, the Bank made entries to effect these transfers, but thereafter decided that the order of the Commissioners' Court was void and unconstitutional, whereupon the Bank reversed these book entries and notified the Commissioners' Court of its action. Immediately thereafter this suit was filed.

■ Appellee contends that the status quo was disturbed by the Bank when it reversed these book entries and restored the funds to their original position. We do not agree with this contention. It occurs to us that the status quo was the condition of the funds before they were ordered transferred by the Commissioners' Court from the Constitutional Fund. We, therefore, conclude that the effect of the temporary injunction is to disturb the status quo, and such an injunction should be upheld only where the proof is clear. Simon v. Nance, Tex.Civ.App., 142 S.W. 661; Ort v. Bowden, Tex.Civ.App., 148 S.W. 1145.

■ Mandatory injunctions will not be granted unless there is a showing that extreme or very serious damages will ensue from withholding the relief, and will not issue where the injury complained of is capable of compensation in damages. Johnson v. Lancaster, Tex.Civ.App., 266 S.W. 565; Nolte Irrigation Co. v. Willis, Tex.Civ.App., 180 S.W.2d 451.

■ The transfer here attempted was from the Special Road and Bridge Fund of Starr County. The voters of the County had authorized a 15¢ tax, as is provided for by Section 9 of Article 8 of the Constitution of Texas, Vernon's Ann.St. This created a Special Road and Bridge Fund, as provided by the Constitution, thus making it a Constitutional Fund. The Commissioners' Court has no authority to transfer money from a Constitutional Fund to another fund. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504; Parr v. Burris, Tex.Civ.App., 292 S.W.2d 146, no writ; Davis v. Wildenthal, Tex.Civ.App., 241 S.W.2d 620, writ refused; Commissioners' Court v. Burke, Tex.Civ.App., 262 S.W. 94, writ refused; Spears v. City of Houston, Tex.Civ.App., 137 S.W.2d 197, affirmed 136 Tex. 218, 150 S.W.2d 74. An order attempting to make such a transfer is void. Sanders v. Looney, Tex.Civ.App., 225 S.W. 280. The trial court in granting the temporary injunction gave effect to the void and unconstitutional order of the Commissioners' Court.

■ Appellee contends that the money received by the County for motor vehicle registration fees was deposited in the Special Road and Bridge Fund, and that therefore the County had authority to order these funds transferred out. The evidence is insufficient to show that the fees received by the County from automobile registrations were deposited in the Special Road and Bridge Fund. Article 6675a–17, Vernon's Ann.Civ.Stats., provides in effect that counties may transfer surplus funds derived from motor vehicle registration fees from the Road and Bridge Fund to other funds, provided the County has not levied a tax for the building and maintaining of roads and bridges. However, Starr County has levied such tax, and therefore the above article does not apply to that County, and the trial court erred in granting the temporary injunction.

Accordingly, the order of the trial court will be reversed and the temporary injunction dissolved and denied.

On Motion for Rehearing.

POPE, Justice.

I concur in the opinion and the dissolution of the temporary injunction for the reason that the temporary injunction disturbs the status quo which should be maintained until the trial on the merits. The maintenance of the status quo is all that is necessary to this decision. City of Corpus Christi v. Cartwright, Tex.Civ.App., 281 S.W.2d 343, 344.