Reversed and rendered.

Judgment rendered and opinion filed May 19, 1960.

**Dr. James Albert BROWN et ux.,**
**Appellants,**

v.

**Val M. TOOMEY et ux., Appellees.**

No. 3728.

Court of Civil Appeals of Texas.

Waco.

May 19, 1960.

Harry H. Brochstein, Houston, for appellants.

Holman, Saccomanno & Clegg, Houston, for appellees.

WILSON, Justice.

Plaintiffs sought an injunction alleging defendants had drained a lake situated on their adjoining properties, had erected a fence across the lake which deprived plaintiffs of its full use, and that plaintiffs had been prevented from refilling it. It was alleged the construction of the lake had been a joint project of the two neighbors for their common use. The petition asked for a declaratory judgment establishing plaintiffs' right to use of the entire lake in common with defendants, with damages in the alternative. The temporary injunctive relief sought was to restrain defendants "from erecting or maintaining" a fence or barrier across the lake and from interfering with re-filling or use of the lake for recreational purposes.

After denying a temporary restraining order, the court after full hearing in which all parties participated, entered an order determining that "the status quo of the controversy" should be preserved as of the time of the hearing. He restrained defendants pendente lite from dumping foreign matter into the lake bed and from interfering with existing fences. Both plaintiffs and defendants were restrained from crossing fences which were found to be on the boundary separating their properties. All other temporary relief was denied.

The only question before the court was "the right of applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits." The order will be reversed only on a showing of clear abuse of the broad discretion of the court in determining whether to issue the writ. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549; Southwest Weather Research, Inc. v. Jones, Tex., 327 S.W.2d 417, 421.

Plaintiffs say that as a matter of law they were entitled pendente lite to

maintenance of the peaceable, non-contested status quo which they asserted had existed for several years: an undrained, unfenced lake. They urge a bona fide dispute is presented as to existence of an easement and that its alleged status prior to defendants' claimed interference with it should be maintained. The "status quo" simply fixes a limitation on the court's power. It is not an irreducible minimum to which plaintiffs are absolutely and undeniably entitled pending trial on the merits.

Part of the temporary relief sought was mandatory in nature. Courts are reluctant to issue such injunctions except in the most serious cases in which the injury alleged is not compensable. Dallas Independent School Dist. v. Daniel, Tex. Civ.App., 323 S.W.2d 639, 641, writ ref. n. r. e., and cases cited. The record does not show a clear abuse of discretion. All other points have been considered and are overruled.

Affirmed.