**H. P. PIWONKA et al., Appellants,**

**v.**

**R. C. HALL et al., Appellees.**

**No. 7322.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 24, 1964.

Rehearing Denied April 6, 1964.

See also Tex.Civ.App., 357 S.W.2d 486.

Calloway Huffaker and Harold Green, Tahoka, for appellants.

Huff & Bowers, Lubbock, J. R. Hall, Littlefield, for appellees.

NORTHCUTT, Justice.

This is a suit brought by H. P. Piwonka et al, as plaintiffs, against R. C. Hall et al, as defendants. The defendants owned certain land lying northwest of the plaintiffs' land and defendants' land was higher than that of the plaintiffs. The defendants had constructed several terraces upon their land and it was the contention of the plaintiffs that because of such terraces the natural flow of the run-off water was so changed as to throw more water on them causing their land to wash and be greatly damaged. By this suit the plaintiffs sought a mandatory injunction compelling and commanding the defendants to tear down, break, remove, and destroy said diversion terraces, dams, levies, dikes, waterways and channels and/or to reconstruct the same so as to provide adequate waterways for said water diverted thereby to flow into and upon the defendants land and into the lake located thereon. The case was tried to a jury upon special issues. The jury found that the defendants in maintaining their terraces and other devices to control the water were exercising the usual and customary methods to control water and soil erosion in the area in question. The jury further found that defendants had not made such a vital and material change in the water shed of their property as to cause damage by reason of such change extra-ordinary in scope and effect and also that such diversion of the surface water did not damage the plaintiffs. Based upon the verdict of the jury, judg-

ment was granted denying the injunction and decreeing that plaintiffs take nothing by their suit. From that judgment plaintiffs perfected this appeal.

Appellants present their appeal upon twenty-nine points of error. By appellants' first nine points of error their main contention is that they were entitled to judgment as a matter of law because of judicial admission made by the defendant, R. C. Hall, and that there were no issues of fact to be submitted to the jury. We cannot agree with that contention. Mr. Hall never agreed that any water that he had diverted harms the plaintiffs. The undisputed evidence shows his terraces were built to help hold part of the water on his land. His agreeing that running water will wash or damage land is not stating what water he might have diverted was washing the plaintiffs' land. It is common knowledge that running water will wash and damage land. United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224 (writ refused).

Appellants' points ten to fourteen contend the answers of the jury to certain issues were so against the overwhelming weight, degree and preponderance of the evidence as to be unjust and wrong.

Taking the evidence that the terraces helped to hold the water and also a part of the water diverted is channeled into defendants' lake and that the same condition as to the water running in the road had existed for forty years and before any terraces were ever constructed, we think is sufficient to sustain the finding of the jury that the diverting of the natural flow of the surface water on defendants' land did not damage plaintiffs.

Appellants' points of error fifteen to twenty complain of issue eight inquiring about a certain rain in July 1960 being an "Act of God." Such issue would be harmless since the jury found, upon sufficient evidence, in the absence of an unprecedented and unusual rainfall the plaintiffs would not suffer any inundation from drainage from defendants' land. If such rain was the Act of God, appellees would not be liable. The only issue would be what the result would be under ordinary conditions. The remaining points of error would be harmless under the findings of the jury of no damage.

Mandatory injunctions will never be granted unless extreme or very serious damage at least will ensue from withholding that relief. Southwestern Telegraph & Telephone Co. v. Smithdeal, 104 Tex. 258, 136 S.W. 1049 (Sup.Ct.); Johnson v. Cameron, Tex.Civ.App., 110 S.W.2d 604; First State Bank & Trust Co. of Rio Grande City v. Starr County, Tex.Civ.App., 306 S.W.2d 246.

It is stated in the case of Dallas Independent School District v. Daniel, Tex.Civ.App., 323 S.W.2d 639 (writ refused N.R.E.) as follows:

"Courts are reluctant to issue mandatory injunctions, and will not do so except in most serious cases where the injury complained of is not capable of compensation in damages. First State Bank & Trust Company of Rio Grande City v. Starr County, Tex.Civ.App., 306 S.W.2d 246; Cleere v. Wise, Tex.Civ.App., 153 S.W.2d 311; Nelms v. Electro-Ball Co., Inc., Tex.Civ.App., 157 S.W.2d 681; Bledsoe v. Grand Lodge of United Brothers of Friendship of Texas, Tex.Civ.App., 53 S.W.2d 73; 15 A.L.R.2d 247, 323, 328."

We have considered all of appellants' assignments of error and are of the opinion and so hold under this record the jury was justified in holding that the appellants were not damaged by the acts of the appellees and if they were not so damaged, a mandatory injunction should not be issued. Judgment of the trial court is affirmed.

DENTON, C. J., concurs in the result.