

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 19, 1965

Honorable Ben Atwell, Chairman
Revenue and Taxation Committee
House of Representatives
Austin, Texas

Dear Representative Atwell:

Opinion No. C-424

Re: Constitutionality of
House Bill 8, 59th
Legislature, Regular
Session.

You have requested our opinion on the validity of House Bill 8 of the 59th Legislature. House Bill 8 amends Articles 9.14 and 10.03, Section (2) of Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended. The provisions of Article 9.14, as amended by House Bill 8, which are pertinent to your inquiry, read as follows:

> "When motor fuel is used or consumed, or is to be used or consumed, for the propulsion of transit vehicles either owned or operated, or both, by a transit company, which meets the following requirements, the transit company shall be entitled to a refund of the taxes levied herein; except that the one fourth of the taxes levied, which is allocated to the Available School Fund by the Constitution of the State of Texas, shall not be refunded. . . ."

Similar provisions are contained in the amendment to Section (2) of Article 10.03. Under the above quoted amendments, none of the net revenues remaining after payment of all refunds allowed by law and expenses of collection, derived from the tax levied on a transit company meeting the requirements contained in the amendment, are to be used for the purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and the administration of such laws, and for the payment of certain bonds or warrants. On the contrary, all the net revenues remaining after payment of the refunds allowed by law and expenses of collection, derived from the tax levied on transit companies meeting the requirements of the amendment, are to be allocated to the Available School Fund.

It is well settled that tax monies raised ostensibly for one purpose cannot be expended for another purpose. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918). Thus, where tax

revenues are constitutionally directed to be spent for certain purposes, the Legislature cannot authorize expenditures for other purposes.  Carroll v. Williams, supra; First State Bank & Trust Company v. Starr County, 306 S.W.2d 246 (Tex.Civ.App., 1957).

Section 7-a of Article VIII of the Constitution of Texas provides as follows:

> "Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939, and declared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law; provided, however, that one-fourth (1/4) of such net revenue from the motor fuel tax shall be allocated to the Available School Fund; and, provided, however, that the net revenue derived by counties from motor vehicle registration fees shall never be less than the maximum amounts allowed to be retained by each County and the percentage allowed to be retained by each County under the laws in effect on January 1, 1945.  Nothing contained herein shall be construed as authorizing the pledging of the State's credit for any purpose."

It is noted that the above quoted constitutional provision requires that all net revenues remaining after the payment of all refunds allowed by law and expenses of collection, derived from taxes on motor fuels and lubricants used to propel motor vehicles

over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and the administration of such laws, and for the payment of certain bonds or warrants. Following this constitutional direction, an exception to such provision is made in the following language:

> ". . . provided, however, that one-fourth (1/4) of such net revenue from the motor fuel tax shall be allocated to the Available School Fund; . . ."

In State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960), the Court stated:

> ". . . Under the provisions of Article VIII, Section 7-a, of the Constitution, revenues received from these sources may be used only for constructing public roadways and for other designated purposes which are not material here. . . ."
> (Emphasis added).

It is our opinion that House Bill 8 authorizes net revenues from motor fuel tax to be spent for purposes contrary to the provisions of Section 7-a of Article VIII of the Constitution of Texas and is thus invalid.

The other controlling provisions of the Bill are so dependent upon and so inseparable from the allocation provision of the Bill that the entire Bill in our opinion must be declared unconstitutional. School Trustees of Orange County v. District Trustees of Prairie View Common School Dist. No. 8, 137 Tex. 125, 153 S.W.2d 434 (1941); Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265 (1932).

## S U M M A R Y

House Bill 8 of the 59th Legislature authorizes an allocation of net revenues derived from motor fuel tax, contrary to the provisions of Section 7-a of Article VIII of the Constitution of Texas and is, therefore, invalid. Carroll v. Williams,

109 Tex. 155, 202 S.W. 504 (1918); First State Bank & Trust Company v. Starr County, 306 S.W. 2d 246 (Tex.Civ.App., 1957).

Yours very truly,

WAGGONER CARR
Attorney General

By: W. E. Allen
Assistant

WEA:dl

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Roy Johnson
Pat Bailey
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY:     Stanton Stone