Office of the Attorney General · State of Texas



July 10, 2000

The Honorable Bill G. Carter
Chair, House Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0250

Re: The proper disposition and use of motor vehicle registration fees allocated to a county (RQ-0182-JC)

Dear Representative Carter:

You ask about the proper disposition and use of motor vehicle registration fees allocated to a county. Specifically, you ask: "For what purpose may a county transfer the [fees collected for the registration of motor vehicles] to another fund? Is the county general fund an allowable place for the money to go?" Letter from Honorable Bill G. Carter, Chair, House Committee on Urban Affairs, to Honorable John Cornyn, Texas Attorney General (Feb. 3, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that the county assessor-collector must credit the fees to the county road and bridge fund and the county must use the monies for road and bridge construction, maintenance, and repair as provided by section 502.108 of the Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 502.102-.104, .108 (Vernon 1999). Pursuant to section 256.007 of the Transportation Code, the commissioners court of a county that does not collect a road and bridge construction and maintenance tax under article VIII, section 9(c) of the Texas Constitution may transfer surplus motor vehicle registration fee monies from the county road and bridge fund to any county fund designated by the commissioners court, including the county general fund, but may use the monies only for purposes authorized by section 7-a of article VIII of the Texas Constitution. *See id.* § 256.007.

We begin our analysis with article VIII, section 7-a of the Texas Constitution, which governs the use of motor vehicle registration fees, providing in pertinent part:

> Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees . . . shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; and for the payment of the principal and interest on county and road district bonds or warrants voted

or issued prior to January 2, 1939, and declared eligible prior to
January 2, 1945, for payment out of the County and Road District
Highway Fund under existing law . . . .

TEX. CONST. art. VIII, § 7-a. This constitutional provision was approved by the voters on
November 5, 1946.

Pursuant to its constitutional authority to allocate and direct the use of motor vehicle
registration fees, the legislature has adopted a number of statutes that govern the allocation, deposit,
and use of motor vehicle registration fees. Chapter 502 of the Transportation Code, which generally
governs motor vehicle registration, includes a subchapter governing county administration of fees.
*See* TEX. TRANSP. CODE ANN. ch. 502, subch. C, §§ 502.101-.114 (Vernon 1999). Owners of motor
vehicles are required to apply to register their vehicles each year with the Texas Department of
Transportation through the county assessor-collector of the county in which the owner resides, *see
id.* § 502.002, who collects registration fees, *see id.* ch. 502, subch. C. As a general matter, the
county assessor-collector must credit a certain amount of the motor vehicle registration fees to the
county road and bridge fund on a weekly basis. *See id.* §§ 502.102-.104. Fees over that amount are
sent to the Texas Department of Transportation, *see id.* § 502.102(d), .103, .104, and are deposited
in the state treasury to the credit of the state highway fund, *see id.* § 502.051. Section 502.108
provides that the fees credited to the county road and bridge fund may be used for certain purposes,
which generally relate to road and bridge construction, maintenance, and repair. *See id.* § 502.108.

Section 256.007 of the Transportation Code authorizes a commissioners court to transfer
"surplus" motor vehicle registration fees. It provides:

> The commissioners court of a county that does not impose a
> tax for the construction and maintenance of roads and bridges may
> transfer surplus money derived from motor vehicle registration fees
> to any county fund that the court designates and may spend that
> money for any purpose authorized by Section 7-a, Article VIII, Texas
> Constitution.

*Id.* § 256.007. Because the statute does not identify the account in which the "surplus money" is
located, define what it means for the money to be "surplus," or provide a reference for the tax that
disqualifies a county from transfering surplus money, we examine the legislative history. *See* Tex.
Att'y Gen. Op. No. JC-0164 (1999) at 5 ("Where the language of a statute is ambiguous, we may
consider the statute's legislative history."); TEX. GOV'T CODE ANN. § 311.023(1), (2), (3), (5)
(Vernon 1998) (in construing a statute, court may take into account object sought to be attained,
circumstances under which statute was enacted, legislative history, and consequences of a particular
construction).

Section 256.007 is the 1995 codification of former section 4.203 of article 6702-1 of the Revised Civil Statutes,[1] which provided as follows:

> The commissioners court of any county not levying a tax for building and maintaining roads and bridges and having surplus funds from revenues derived from motor vehicle registration fees is authorized to transfer the surplus to any county fund that the court may designate and to expend the surplus for any use or purpose.

Act of May 20, 1983, 68th Leg., R.S., ch. 288, § 1, 1983 Tex. Gen. Laws 1431, 1485 (enacting TEX. REV. CIV. STAT. ANN. 6702-1, § 4.203), *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1871. This provision was, in turn, the revision of a 1945 provision, former article 6675a-17 of the Revised Civil Statutes. *See* Act of May 8, 1945, 49th Leg., R.S., ch. 202, § 1, 1945 Tex. Gen. Laws 273 (codified as article 6675a-17), *repealed by* Act of May 20, 1983, 68th Leg., R.S., ch. 288, § 1 (enacting section 4.203 of article 6702-1 and noting that it derived from article 6675a-17), § 2 (repealing article 6675a-17), 1983 Tex. Gen. Laws 1431, 1485, 1526. The emergency clause to the 1945 enactment stated that "some counties with large populations have only a relatively small number of miles of county roads to maintain and are now annually collecting and maintaining surplus registration fees in an aggregate amount several times as large as is necessary to efficiently maintain the roads and bridges." Act of May 8, 1945, 49th Leg., R.S., ch. 202, § 2, 1945 Tex. Gen. Laws 273. Thus, it is apparent from the emergency clause that the purpose of this provision was to permit certain counties to transfer surplus funds in the county road and bridge fund, monies not needed for road construction, to other funds to use for other purposes. An attorney general opinion issued in 1945 regarding former article 6675a-17 confirms that this was its purpose. *See* Tex. Att'y Gen Op. No. O-6805 (1945) (discussing House Bill 850 of the 49th Legislature). Therefore, we conclude that the "surplus money" referred to in section 256.007 of the Transportation Code is money derived from motor vehicle registration fees deposited in the county road and bridge fund that is not needed for the purposes specified by section 502.108.

As we have noted, section 256.007 is limited to counties that do not "impose a tax for the construction and maintenance of roads and bridges." TEX. TRANSP. CODE ANN. § 256.007 (Vernon 1999). When former 6675a-17 was enacted in 1945, article VIII, section 9 of the Texas Constitution authorized both a fifteen cent road and bridge tax and a special, additional fifteen cent tax for the further maintenance of the public roads that required voter approval. *See* H.J.R. 18, Act of Mar. 31, 1943, 48th Leg., R.S., 1943 Tex. Gen. Laws 1143 (amending article VIII, section 9 of the Texas Constitution) (approved Nov. 7, 1944). Article VIII, section 9 now authorizes counties to levy taxes for four constitutional purposes, including a road and bridge fund, *see* TEX. CONST. art. VIII, § 9(b), and also authorizes the legislature to authorize counties to levy a special, additional fifteen cent tax for the further maintenance of roads with voter approval, *see id.* § 9(c); *see also* TEX. TRANSP. CODE ANN. § 256.052 (Vernon 1999) (authorizing county to levy special, additional fifteen cent tax for further maintenance of the county roads). Given that article VIII, section 9 now allows

---

[1]*See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24, 1995 Tex. Gen. Laws 1025, 1182, 1871.

the general county levy to be allocated to the road and bridge fund, we believe that the tax referred to in section 256.007 is the special, additional road and bridge tax authorized by article VIII, section 9(c) of the Texas Constitution, rather than the general county levy that may be allocated to the road and bridge fund and used for road and bridge purposes. *See First State Bank & Trust Co. v. Starr County*, 306 S.W.2d. 246, 248 (Tex. Civ. App.–San Antonio 1957, no writ) (former article 6675a-17, predecessor to former section 4.203 of article 6702-1, did not apply to a county that had levied special, voter-approved fifteen cent road and bridge tax). Furthermore, because section 256.007, consistent with its statutory predecessors, specifically refers to "a tax for the construction and maintenance of roads and bridges," Tex. Transp. Code Ann. § 256.007 (Vernon 1999), an apparent reference to article VIII, section 9, we do not believe it is intended to refer to the special county taxes authorized by article III, section 52(b) and 52(c) of the Texas Constitution for the construction of "macadamized, graveled or paved roads and turnpikes." Tex. Const. art. III, § 52(b), (c).

Finally, you ask about the proper use of motor vehicle registration fees. As we have noted, section 502.108 of the Transportation Code prescribes the use of fees credited to the county road and bridge fund. Although section 256.007 permits certain counties to transfer surplus motor vehicle registration fees from the county road and bridge fund to any county fund designated by the commissioners court, section 256.007 does not authorize a county to use this money for any purpose. Significantly, both former article 6675a-17 and former section 4.203 of article 6702-1 purported to authorize a county to use these surplus monies for any purpose. However, soon after the legislature enacted former article 6675a-17 in 1945, the voters ratified article VIII, section 7-a of the Texas Constitution in November 1946, which limited the proper use of motor vehicle registration fees to "acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and [] the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads." Tex. Const. art. VIII, § 7-a. Thus, former article 6675a-17, to the extent it authorized a county to use surplus motor vehicle registration fee monies for purposes not authorized by article VIII, section 7-a, was rendered unconstitutional soon after its enactment. *See id.* (Interpretive Commentary) (noting that same legislature that approved submission of art. VIII, § 7-a enacted former article 6675a-17 and concluding "it would appear that under the constitutional amendment this statute is invalid").

As the revisor's note to section 256.007 of the Transportation Code indicates, the drafters of section 256.007 added the reference to article VIII, section 7-a of the Texas Constitution to clarify that the appropriate use of surplus motor vehicle registration fees is limited by the constitutional provision. *See* Tex. Transp. Code Ann. § 256.007 revisor's note (Vernon 1999) ("Section 4.203, V.A.C.S. Article 6702-1, states that surplus motor vehicle registration fees may be spent for any use or purpose. Section 7-a, Article VIII, Texas Constitution, requires all motor vehicle registration fees to be used for certain purposes. Accordingly, the revised law adds a reference to the constitutional provision to clarify the appropriate uses of the excess fees."); *see also Fleming Foods, Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) ("directive to the Legislative Council [in connection with the codification of statutes] to refrain from changing the sense, meaning, or effect of a previous statute [cannot] be used as a basis to alter the express terms of a code that the Legislature enacts as law, even when the Council's language does change the prior, repealed law."). Therefore, while

section 256.007 permits a county to apply surplus funds to a broader variety of uses than those set forth in section 502.108 of the Transportation Code, it is now quite clear that surplus motor vehicle registration fees transferred from the county road and bridge fund to a county fund designated by the commissioners court must be used only for purposes authorized by article VIII, section 7-a.

In sum, in answer to your specific questions, motor vehicle registration fees allocated to a county must be credited to the county road and bridge fund and the county must use the monies for road and bridge construction, maintenance, and repair as provided by section 502.108 of the Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 502.102-.104, .108 (Vernon 1999). Pursuant to section 256.007 of the Transportation Code, a county that does not impose a road and bridge tax under article VIII, section 9(c) of the Texas Constitution may transfer surplus motor vehicle registration fee monies from the county road and bridge fund to any county fund designated by the commissioners court, including the county general fund, but may use the monies only for purposes authorized by article VIII, section 7-a, which include "acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and [] the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads." TEX. CONST. art. VIII, § 7-a.

## S U M M A R Y

   Motor vehicle registration fees allocated to a county must be credited to the county road and bridge fund and the county must use the monies for road and bridge construction, maintenance, and repair as provided by section 502.108 of the Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 502.102-.104, .108 (Vernon 1999). Pursuant to section 256.007 of the Transportation Code, a county that does not impose a road and bridge tax under article VIII, section 9(c) of the Texas Constitution may transfer surplus motor vehicle registration fee monies from the county road and bridge fund to any county fund designated by the commissioners court, including the county general fund, but may use the monies only for purposes authorized by article VIII, section 7-a, which include "acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and [] the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads." TEX. CONST. art. VIII, § 7-a.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee