### HUME v. ZUEHL et al.

### No. 10540.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 14, 1938.

Rehearing Denied Sept. 24, 1938.

906

Cofer & Cofer, of Austin, and G. C. Jackson, of Crystal City, for appellant.

Van Haile McFarland, Wray Zuehl, and D. F. Witherspoon, all of Eagle Pass, for appellees.

MURRAY, Justice.

On June 28, 1937, the Commissioners' Court of Maverick County, joined by Honorable George H. Sheppard, as State Comptroller, entered into a contract with David E. Hume, Esquire, a practicing attorney of that county, whereby Hume agreed to undertake the collection of State and County delinquent taxes. Hume was to receive for his services 15% of all sums actually collected by him. The contract provided that it should terminate on January 1, 1939. It was approved by the Attorney General of the State.

Hume proceeded under the contract and collected some $37,000. There remains the sum of about $35,000 yet to be collected. On May 23, 1938, the Commissioners' Court of Maverick County entered an order in their minutes cancelling the contract, and on June 24, 1938, another such order was entered. The State Comptroller refused to join in the cancellation of the contract; first, because he did not consider it a matter within his jurisdiction, and, second, if he did have jurisdiction of the matter he had no desire to cancel the contract.

Hume has instituted this suit seeking an injunction, both temporary and permanent, preventing the cancellation of his contract, and further commanding the District Clerk to file all tax suits tendered to him, and further requiring the Tax Collector to accept all payments of taxes tendered to him, issue receipts therefor and pay to Hume all commissions due him under the contract. Hume alleges that the Commissioners' Court did not have good cause for terminating his contract, but that it was terminated for a very improper cause.

The petition was heard by the District Judge of Maverick County, and he in effect sustained a general demurrer to the petition and denied the temporary injunction. Hume has prosecuted this appeal from that order.

As no evidence was heard and the matter determined on general demurrer, we must accept the allegations in the petition as true in determining the correctness of the trial judge's action in sustaining a general demurrer to appellant's petition. It is clear from the record that the trial judge was of the opinion that this being a contract for personal services the Commissioners' Court had the power to cancel the contract, even wrongfully, being answerable only in damages for such wrongful conduct, if any. In this posi-

tion, we think the trial judge was correct. The rule is well stated in 7 C.J.S., Attorney and Client, page 940, § 109, as follows:

"The relation or employment of an attorney may always be terminated by agreement with his client, and, because of the peculiar nature of the relation of attorney and client, the law goes even further and permits the termination thereof in a manner not recognized with respect to other contracts. Either party may dissolve the relation for cause; and the client has the absolute right to discharge the attorney and terminate the relation at any time even without cause, no matter how arbitrary his action may seem, although the question of whether the revocation or termination was with or without cause may have a material bearing on the client's liability for fees or damages."

See, also, Goodwin, Inc., v. Stuart, Tex. Civ.App., 52 S.W.2d 311, affirmed 125 Tex. 212, 82 S.W.2d 632; Beckham v. Munger Oil & Cotton Co., Tex.Civ.App., 185 S.W. 991; Aldridge Seed Farms v. Texas Centennial Central Exposition, Tex.Civ.App., 95 S.W.2d 1051; Birdville Independent School Dist. v. Deen, Tex.Civ.App., 114 S.W.2d 628.

■ However, it is contended that in any event the Comptroller is a necessary party to a termination of this contract. We overrule this contention. Art. 7335a, Vernon's Annotated Civil Statutes, provides, in effect, that a contract of this nature cannot be entered into by a county without the approval of both the State Comptroller and the Attorney General, but this does not mean that such a contract cannot be terminated without the joinder of both or either one of these state officials. When Art. 7335, R.C.S.1925, and Art. 7335a, Vernon's Annotated Civil Statutes, are construed together it is plain that the power to make contracts for the collection of both State and County delinquent taxes is vested in the commissioners' courts of this State, with the only limitation that such contracts are not effective unless approved by the State Comptroller and the Attorney General.

■ We are further of the opinion that this temporary injunction was properly refused because to have granted same would have been in effect to enforce specific performance of this contract for the personal services of an attorney by temporary injunction.

Appellant's prayer was as follows: "Wherefore plaintiff prays for temporary injunctions, and temporary restraining order as may be necessary, commanding, directing and prohibiting the respondents and each of them in the terms of law from doing and refusing to do the matters and things enumerated and complained of aforesaid, and that due notice of said injunctions and orders issue to the respondents and that upon a final hearing, the said temporary injunctions and restraining orders be made permanent, and that the court issue such mandatory injunctions and orders as may be necessary and proper to make effective the rights of the plaintiff under his said contract aforesaid, and that plaintiff have such further relief, both at law and equity, to which he may be entitled, and that he receive his costs and he will ever pray."

If the temporary injunction had been granted, as prayed for, it would have caused the clerk to receive and file tax suits when tendered and would have caused the tax collector to pay commissions to appellant, and to have otherwise made effective the rights of appellant under the contract. To have done this would have been to change the status quo and accomplish the main purpose of the suit before it ever came to a trial on the merits. A temporary injunction will not be issued under such circumstances. James v. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959; Welsh v. Carter, Tex.Civ.App., 30 S.W.2d 354; Coffee v. Borger State Bank, Tex. Civ.App., 38 S.W.2d 187; Bledsoe v. Grand Lodge, Tex.Civ.App., 53 S.W.2d 73; Nelson v. Thompson, Tex.Civ.App., 64 S.W. 2d 373; Gordon v. Hawkins, Tex.Civ.App., 66 S.W.2d 432; Sinclair Refining Co. v. City of Paris, Tex.Civ.App., 68 S.W.2d 230; Williams v. Sinclair Prairie Oil Co., Tex.Civ.App., 87 S.W.2d 892; Morgan v. Smart, Tex.Civ.App., 88 S.W.2d 769; Morgan v. Brannon, Tex.Civ.App., 95 S.W.2d 509.

The order refusing the temporary injunction is affirmed.