E. J. WATTS et ux., Appellants,

v.

The ALTO INDEPENDENT SCHOOL DISTRICT OF ALTO, CHEROKEE COUNTY, Texas, et al., Appellees.

No. 927.

Court of Civil Appeals of Texas, Tyler.

May 20, 1976.

Frank B. Murchison, Paxton, Whitaker & Parsons, James N. Parsons, III, Palestine, for appellants.

Charles R. Holcomb, Rusk, Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellees.

McKAY, Justice.

Appellants, E. J. Watts and wife, brought suit against Alto Independent School District (Alto ISD), Cherokee County, Texas, its tax assessor and collector, the Board of Equalization, and the Trustees of Alto ISD, attacking the taxing scheme of Alto ISD. Appellants obtained a temporary restraining order against Alto ISD from certifying and approving the tax rolls and collecting taxes for 1975.

The matter of a temporary injunction was set for hearing on August 1, 1975, and on that date, by agreement of the parties, the temporary restraining order was continued in force and effect to a later hearing before a visiting judge. On August 12, 1975, the hearing was begun on the temporary injunction. After the hearing had begun, the parties, in chambers, agreed to continue the hearing pending negotiations for settlement, and an entry was so made on the court docket. Settlement negotiations were unfruitful, and on October 14, 1975, the hearing resumed and evidence was presented. While the proceedings were in progress the judge called the attorneys into chambers and advised them that he had decided the case on the merits and announced his decision.

Appellants contended that the proceedings were a continuation of the hearing for a temporary injunction, and that they were

not prepared for trial on the merits of the case because they had not completed their investigation and discovery and their witnesses were not available. After hearing further testimony, the court, on October 14, 1975, rendered and signed what appears to be a final judgment, though unnamed, finding that the method of assessing the real property of appellants for ad valorem taxes was unlawful, unconstitutional and arbitrary, and ordering the Board of Equalization to return the property rolls to the tax assessor-collector so that taxes might be imposed on certain values as set out in the judgment. The judgment dissolved the temporary restraining order and also found certain personal property to have situs in Harris County.

Appellants filed a bill of exception to the action of the court, and the court signed an order upon such bill that it was his understanding based upon the representations made by counsel, that if a settlement was not effected and a further hearing was necessary, then the case would be heard on the merits, and that such hearing on the merits was held without objection until the court's decision was announced.

Appellees have not filed a brief. Appellants complain by their second point that the trial court erred in rendering final judgment at the conclusion of the hearing on the temporary injunction. We sustain the point and reverse and remand the case. It seems unquestioned that the court had the impression that if a settlement was not reached and another hearing was necessary, such further hearing would be on the merits. There is nothing in the record, however, to show that the court made any formal setting on the merits or to indicate such an announcement was made in open court to that effect, or that the court advised counsel accordingly in writing.

The sole question on an application for a temporary injunction was petitioners' right to the preservation of the status quo, and to establish such right it was required only to show a probable right and a probable injury. *Chesterfield Finance Co. v. State,* 331 S.W.2d 368 (Tex.Civ. App.—Waco 1960, writ ref'd).

A temporary injunction is "merely a provisional remedy allowed by the court before trial of the case on the merits for the sole purpose of preserving the subject matter of the controversy as it existed at the time the suit was instituted. It cannot be used to determine the respective rights of the parties to the cause of action asserted or the defenses urged." 31 Tex.Jur.2d, Injunctions, Sec. 12, pp. 47, 48.

The legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits, and any attempt to rule on the merits would be invalid. *James v. E. Weinstein & Sons,* 12 S.W.2d 959 (Tex. Comm.App.1929, holding approved); 31 Tex.Jur.2d, Injunctions, Sec. 38, pp. 92, 93.

The judgment of the trial court is reversed, and the cause is remanded.