David M. SWIFT, Appellant,

v.

Martin W. SEIDLER, Appellee.

No. 04–98–00519–CV.

Court of Appeals of Texas,
San Antonio.

March 3, 1999.

Robert E. Golden, Charles M. Jefferson, Robert E. Golden & Associates, San Antonio, for Appellant.

George H. Spencer, Jr., Clemens & Spencer, P.C., San Antonio, for Appellee.

Before CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

PAUL W. GREEN, Justice.

David M. Swift appeals the trial court's order rendering summary judgment for Martin W. Seidler. Whether Swift complied with the statute of limitations was the sole issue before the trial court in this attorney malpractice case. On appeal, Swift argues the trial court incorrectly calculated the limitations period, which he contends did not begin to run until all appeals had been exhausted in the cause of action underlying the malpractice suit. Because the record shows Swift became aware of a possible cause of action against Seidler more than two years before he filed suit, we affirm the trial court's judgment.

## BACKGROUND

In 1990, Swift hired Seidler to handle his bankruptcy application. On January 15, 1991, the bankruptcy court denied Swift an exemption for his individual retirement account (IRA); and on January 30, 1991, the court orally denied Swift's petition for discharge. A year later, on January 8, 1992, Swift wrote Seidler a letter expressing his dissatisfaction with Seidler's representation. In March 1992, Swift replaced Seidler with other counsel.

On April 16, 1992, Swift joined the bankruptcy trustee in filing a malpractice claim against Seidler in the bankruptcy court. They also filed a malpractice suit in Bexar County.[1] Swift subsequently nonsuited his state claim on September 15, 1992 and dismissed his bankruptcy claim without prejudice on January 25, 1993. The trustee, on the other hand, pursued its claims and ultimately settled. On October 8, 1993, the United States Court of Appeals for the Fifth Circuit affirmed the bankruptcy order denying discharge; in a later opinion, the Fifth Circuit also upheld the order denying an exemption for Swift's IRA.

Swift filed the malpractice suit underlying this appeal on October 6, 1995. According to Swift, Seidler's malpractice caused the bankruptcy court to deny his discharge and to deny his IRA exemption, resulting in the lost of his retirement savings. Swift also alleged Seidler failed to inform him of a settlement proposal made by a creditor bank, which Swift maintains he would have accepted.

## DISCUSSION

■ In his sole point of error, Swift argues the trial court erroneously found the statute of limitations barred his malpractice claim. According to Swift, the limitations period did not begin to run until October 8, 1993—the date the Fifth Circuit affirmed the denial of his discharge. On the other hand, Seidler argues the limitations period began no later than March 1992, when Swift first alleged malpractice in the bankruptcy court. We agree with Seidler.

■ The accrual of a cause of action is a question of law, which we review de novo. *See Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). A legal malpractice suit must be brought within two years of the date the cause of action accrued. *Id.* The discovery rule, which tolls the running of the statute until the injured party discovers or reasonably should have discovered facts establishing his cause of action, applies in legal malpractice cases. *See id.* at 645–46.

The record indicates Swift was aware of Seidler's alleged malpractice as early as January 8, 1992, when Swift wrote a letter characterizing Seidler's advice as the cause of the bankruptcy court's unfavorable rulings. Swift also expressed dissatisfaction with Seidler's representation when he fired Seidler in March 1992. One month later, Swift joined the bankruptcy trustee in asserting a malpractice claim against Seidler in the bankruptcy court. These events, all of which occurred more than two years prior to the 1995 malpractice suit, indicate Swift's awareness of a possible cause of action against Seidler. Thus, Swift's malpractice cause of action is time-barred.

■ Swift contends his case is governed by the rule applicable to situations where the alleged legal malpractice occurred during the prosecution or defense of a case that results in litigation. In such cases, the limitations period is tolled until all appeals of the underlying claim are exhausted. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991). This tolling rule ensures the client will not be forced to adopt "inherently inconsistent litigation postures in the underlying case and in the malpractice case." *Id.* at 156. In other words, the client should not be forced to assert in one lawsuit the propriety of counsel's actions while arguing impropriety in the malpractice suit. Swift argues he timely filed suit because he filed within the two-year period immediately following the Fifth Circuit rulings.

The supreme court, however, in *Murphy v. Campbell* stated its intent that the *Hughes* tolling rule be used only in rare circumstances. *See Murphy v. Campbell*, 964

1. The record does not indicate when the state suit was filed.

S.W.2d 265, 272 (Tex.1997). The court clarified that limitations is not tolled *"whenever* a litigant might be forced to take inconsistent positions." *Id.* (emphasis in original). Rather, the court

> expressly limited the rule in *Hughes* to attorney malpractice in the prosecution or defense of a claim that results in litigation. In such circumstances, to require the client to file a malpractice claim against the lawyer representing him in another case would necessarily make it virtually impossible for the lawyer to continue the representation. The client's only alternative would be to obtain other counsel. That consideration, coupled with the necessity of taking inconsistent positions, persuaded us to adopt a tolling rule in *Hughes.* We restricted it to the circumstances presented.

*Id.*

The circumstances of Swift's case are dissimilar from those in *Hughes.* Although the bankruptcy matter in which Seidler originally represented Swift ultimately resulted in litigation, Seidler did not represent Swift in that litigation, unlike the lawyers in *Hughes.* Thus, Swift would not have been put in the precarious position of calling his lawyer as a witness in bankruptcy court; Seidler was no longer his lawyer. Furthermore, to avoid taking inconsistent positions, Swift could have moved to abate the malpractice case pending resolution of the bankruptcy appeal. *See id.*

### CONCLUSION

We overrule Swift's sole point of error and affirm the summary judgment.