**Thomas E. BRENTS and Doris H. Brents, Appellants,**

v.

**HAYNES & BOONE, L.L.P., William D. Ratliff III, and G. Dennis Sheehan, Appellees.**

No. 05–97–01906–CV.

Court of Appeals of Texas, Dallas.

Jan. 13, 2000.

Mark J. Carroll, Attorney at Law, Dallas, for Appellant.

LaDawn H. Conway, Nina Cortell, Haynes & Boone, L.L.P., Dallas, Richard L. Bourland, Fort Worth, Craig M. Price, Haynes & Boone, LLP, Fort Worth, John Estes, Locke Purnell Rain Harrell, Dallas, for Appellee.

Before Justices WHITTINGTON, MOSELEY, and ROSENBERG[1]

## OPINION

Opinion By Justice ROSENBERG (Assigned).

In this legal malpractice case, Thomas and Doris Brents (the Brentses), appeal a summary judgment granted in favor of Haynes & Boone, L.L.P., William D. Ratliff III, and G. Dennis Sheehan (collectively, Haynes & Boone). On appeal, the Brentses assert the trial court erred in granting summary judgment on limitations because (i) Haynes & Boone did not prove as a matter of law that the Brentses' cause of action accrued more than two years prior to the time they filed suit, and (ii) limitations was tolled until judgment was rendered in a discrimination lawsuit that arose in part from actions and allegations in the original lawsuit in which Haynes & Boone represented the Brentses and others. We resolve the Brentses' issues against them and affirm the trial court's summary judgment.

## Facts and Procedural History

On July 1, 1991, Haynes & Boone filed a lawsuit on behalf of the Brentses and other homeowners against Edward Pine, his title company, and the Tarrant County Mental Health–Mental Retardation Association (MHMR) seeking to prevent Pine from selling his residential property to MHMR for a group home (MHMR lawsuit). The petition and application for temporary restraining order alleged that the proposed use of the property would violate the deed restrictions for single-family use and cause the diminution of property values. On July 8, 1991, the TRO was dismissed, and the following day Pine was nonsuited from the case.

On or about September 14, 1991, the Brentses received a notice of a discrimination complaint from the United States Department of Housing and Urban Development (HUD) and a copy of Pine's complaint that outlined his neighbors' alleged discriminatory activities, including the filing of the MHMR lawsuit. Pine wrote that the Brentses' participation in the MHMR lawsuit violated state and federal laws that provide for the location of group homes and prohibit discrimination against the disabled. Both Haynes & Boone[2] and the Brentses individually responded to the HUD notice. Haynes & Boone communicated its response to the Brentses.

On October 18, 1991, the Brentses asked Haynes & Boone to have no further involvement in the MHMR lawsuit. Nevertheless, they remained plaintiffs. In 1992,

---

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. Haynes & Boone was also listed individually as a defendant in Pine's complaint.

Haynes & Boone wrote the Brentses, requesting approval for the dismissal of the MHMR lawsuit. The Brentses responded that they no longer considered themselves parties in that lawsuit because of their October 1991 letter. Then, on November 9, 1992, the remaining allegations in the MHMR lawsuit were voluntarily dismissed.

On October 19, 1994, HUD charged the Brentses with discrimination, and on November 24, 1994, the United States brought an action against the Brentses for discriminatory conduct. The suit alleged in part that the MHMR lawsuit "was intended to prevent the sale of the residence ... to MHMR because of the handicap of the prospective residents." The petition further alleged that the MHMR lawsuit delayed the sale of the residence, had no rational basis in law or fact, and sought an illegal objective. The Brentses employed Jeff Wolf to defend them in the discrimination lawsuit. The Brentses defended the allegations in part by claiming they had not given consent to be plaintiffs in the MHMR lawsuit and did not have an attorney-client relationship with Haynes & Boone.

On May 20, 1996, the United States district court found Thomas Brents had acted in a discriminatory manner but Doris Brents had not. The court found the Brentses voluntarily participated in the MHMR lawsuit and the lawsuit was groundless.

On October 18, 1996, the Brentses filed their legal malpractice action against Haynes & Boone. In response, Haynes & Boone filed a motion for summary judgment seeking dismissal based on the affirmative defense of limitations. The court granted the summary judgment motion. The Brentses argue on appeal that, under *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1991), the statute of limitations on this malpractice claim was tolled until May 20, 1996, when the federal discrimination lawsuit against the Brentses ended. They also argue that their cause of action did not accrue until October 19, 1994, when HUD issued a charge of discrimination against the Brentses and they discovered the MHMR lawsuit was groundless.

## Standard of Review

■■■ When a defendant moves for summary judgment based on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *See Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 80–81 (Tex.1989); *Fernandez v. Memorial Healthcare Sys., Inc.,* 896 S.W.2d 227, 230 (Tex.App.-Houston [1 st Dist.] 1995, writ denied). The question of when a cause of action accrues is a question of law for the court. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). When reviewing a summary judgment, we take as true evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## The Statute of Limitations

■■■ The Brentses assert the trial court should not have granted summary judgment based on limitations. The Brentses argue that because they had an attorney-client relationship with Haynes & Boone, the discovery rule and tolling provisions applicable to legal malpractice apply and their claim was not barred by limitations. Haynes & Boone contends the Brentses asserted a general negligence cause of action, not a claim for legal malpractice, and thus the discovery rule and the tolling provisions cited by the Brentses do not apply. To address Haynes & Boone's contention, we examine the summary judgment record for evidence that would support the Brentses' contention an attorney-client relationship exists.

The record contains letters to the Brentses from Haynes & Boone concerning the MHMR lawsuit. These letters indicate attorneys at the firm represented the Brentses. Haynes & Boone informed the Brentses about the litigation and sought approval for actions in the MHMR lawsuit. These letters indicate an attorney-client relationship. On the other hand, there was evidence in the Brentses' deposition testimony that they did not seek advice from Haynes & Boone and did not consider Haynes & Boone their attorneys. We conclude this summary judgment evidence creates a fact question regarding whether an attorney-client relationship was established between Haynes & Boone and the Brentses with respect to the MHMR litigation. Therefore, we address the statute of limitations issues applicable in a legal malpractice claim.

### Discovery Rule

■ As a legal malpractice action, the Brentses' suit must be brought within two years of the date the cause of action accrued. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2000); *Willis,* 760 S.W.2d at 644. The record shows the MHMR lawsuit, found groundless in the federal lawsuit, was filed on July 1, 1991. In an ordinary negligence case, the filing date would be the date of "legal injury" because the tort was complete then. *See McClung v. Johnson,* 620 S.W.2d 644, 646 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.). But in a malpractice case, the statute of limitations does not begin to run until the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of his cause of action. *Willis,* 760 S.W.2d at 645–46. The attorney's conduct must raise only a risk of harm to the client's legally protected interest for the tort to accrue; the harm need not be finally established or an inevitable consequence of the conduct. *See Zidell v. Bird,* 692 S.W.2d 550, 557 (Tex.App.-Austin 1985, no writ). A cause of action accrues on a fact specific basis when the client discovers a risk of harm to his economic interests, whether at the time of judgment or otherwise. *See Ponder v. Brice & Mankoff,* 889 S.W.2d 637, 641–42 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

■ By summary judgment affidavit, the Brentses asserted they did not discover the suit was groundless until October 19, 1994, when HUD issued a determination of reasonable cause for discrimination. The test, however, is not when they knew the suit was groundless but when they knew they were at risk of harm. The summary judgment evidence was uncontroverted that the Brentses received a letter on or about September 14, 1991, notifying them of a HUD investigation. That letter stated the Brentses were included in the complaint because they were plaintiffs in the MHMR lawsuit. In the letter, John Eubanks, director of HUD's Fair Housing Enforcement Division, wrote that "the complainant may . . . commence a civil action in an appropriate Federal district or state court." As a matter of law, the Brentses discovered they were at risk of economic harm when they received the HUD letter. Accordingly, the Brentses' cause of action against Haynes & Boone accrued on September 14, 1991.

### Tolling

In *Hughes,* the Texas Supreme Court announced an equitable tolling rule in legal malpractice cases, which provides:

> [W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled [during the pendency of the underlying litigation].

*Hughes,* 821 S.W.2d at 157. This rule is based on the rationale that when an attorney commits malpractice while representing a client in litigation, the client can be put in the difficult position of "adopting inherently inconsistent litigation postures

in the underlying case and in the malpractice case." *Id.* at 156.

■ Haynes & Boone continued to represent the Brentses until the dismissal of the MHMR lawsuit on November 9, 1992.[3] The summary judgment evidence demonstrated there was no attorney-client relationship after that lawsuit was dismissed. Thus, under *Hughes,* the statute would be tolled until November 9, 1992. Nevertheless, the Brentses contend that under *Hughes* limitations should be tolled until the completion of the federal lawsuit because that is the underlying litigation concerning the Haynes & Boone representation. Additionally, the Brentses argue that pursuit of a malpractice action as well as the defense of the federal lawsuit could require them to take inconsistent positions.

In *Murphy v. Campbell,* 964 S.W.2d 265 (Tex.1997), the supreme court explained that the *Hughes* tolling rule does not toll limitations only when a litigant might be forced to take inconsistent positions. *See id.* at 272. The court stated:

> We expressly limited the rule in *Hughes* to attorney malpractice in the prosecution or defense of a claim that results in litigation. In such circumstances, to require the client to file a malpractice claim against the lawyer representing him in another case would necessarily make it virtually impossible for the lawyer to continue his representation. The client's only alternative would be to obtain other counsel. That consideration, coupled with the necessity of taking inconsistent positions, persuaded us to adopt a tolling rule in *Hughes . ...*

*Id.*

Since *Murphy,* other courts of appeals have refused to toll the statute of limita-

tions when the client has obtained other counsel as the Brentses did.[4] In *Swift v. Seidler,* 988 S.W.2d 860 (Tex.App.-San Antonio 1999, pet. denied), the San Antonio Court of Appeals followed the rule stated in *Murphy.* In *Swift,* David Swift employed Martin Seidler to file for bankruptcy on Swift's behalf, but the petition for discharge was denied in January 1991. *See id.* at 861. In March 1992, Swift fired Seidler and hired other counsel. The denial of the bankruptcy petition was affirmed by the Fifth Circuit on October 8, 1993. On October 6, 1995, Swift filed the malpractice case against Seidler that was at issue before the San Antonio court. The San Antonio court noted that *Murphy* restricted the *Hughes* rule to situations where filing a malpractice action would require a party to obtain other counsel for the underlying litigation. *See id.* at 862 (citing *Murphy,* 964 S.W.2d at 272). Because Seidler did not continue to represent Swift in the underlying litigation, the *Hughes* rule did not apply, and limitations was not tolled until all appeals of the underlying litigation were exhausted. *See Swift,* 988 S.W.2d at 862.

In *Norman v. Yzaguirre & Chapa,* 988 S.W.2d 460 (Tex.App.-Corpus Christi 1999, no pet.), the Corpus Christi Court of Appeals also followed *Murphy.* In *Norman,* the attorneys failed to respond to requests for admissions. *See id.* at 460. As a result, summary judgment was granted against Michael Norman based on deemed admissions. In April 1994, Norman fired his attorneys and hired new counsel to pursue the appeals, which were exhausted on March 21, 1996. The malpractice suit was filed on February 14, 1997. The court held that under *Murphy,* limitations began to run on Norman's malpractice claim in

---

3. The Brentses attempted to withdraw from the suit in October 1991 and end the attorney-client relationship. However, because Haynes & Boone sought the Brentses' consent in September 1992, the relationship apparently continued until the end of the MHMR litigation.

4. *See Swift v. Seidler,* 988 S.W.2d 860 (Tex. App.-San Antonio 1999, pet. denied); *Apex Towing Co. v. Tolin,* 997 S.W.2d 903 (Tex. App.-Beaumont 1999, pet. filed); *Norman v. Yzaguirre & Chapa,* 988 S.W.2d 460 (Tex. App.-Corpus Christi 1999, no pet.); *but see Edwards v. Kaye,* 9 S.W.3d 310 (Tex.App.-Houston [14th Dist.] 1999, no pet. h.).

April 1994, because Norman was then no longer in a position where filing a malpractice case against the original attorney would force him to seek new counsel for the underlying case. *See id.* at 463.

In this case, as in *Swift* and *Norman,* none of the circumstances articulated in *Hughes* and explained in *Murphy* for tolling the statute of limitations are present. Although the MHMR lawsuit was part of the grounds for the federal lawsuit, the federal lawsuit was not the litigation in which Haynes & Boone represented the Brentses. The Brentses hired new counsel for the 1994 federal lawsuit and took the position they were not consenting participants in the MHMR lawsuit. Haynes & Boone had no attorney-client relationship with the Brentses after the MHMR lawsuit was dismissed on November 9, 1992. Once the MHMR lawsuit was dismissed, the Brentses were not in a position of continuing a lawsuit with Haynes & Boone as their attorney and at the same time suing them for malpractice. Because the Brentses were not forced into an inconsistent position in defending the federal lawsuit and suing the attorney representing them in that litigation, the *Hughes* equitable tolling rule does not apply. Therefore, the Brentses' malpractice case, filed October 18, 1996, was not filed within the two-year statute of limitations period, and the trial court properly granted summary judgment against them.

We affirm the trial court's summary judgment.