Roger K. PARSONS, Individually and as Administrator of the Estate of Esther Ann Parsons, Appellant,

v.

Windle TURLEY and Windle Turley, P.C., Appellees.

No. 05–99–01365–CV.

Court of Appeals of Texas, Dallas.

Aug. 11, 2000.

**522**

Robert M. Greenberg, Dallas, for Appellant.

Jeffrey S. Levinger, Dallas, for Appellees.

Before Justices KINKEADE, BRIDGES, and ROACH.

## OPINION

BRIDGES, Justice.

Roger K. Parsons, individually and as administrator of the estate of Esther Ann Parsons, appeals the trial court's summary judgment entered in favor of Windle Turley and Windle Turley, P.C. In four issues on appeal, Parsons argues the trial court erred in granting summary judgment in favor of Turley on the grounds that (1) the statute of limitations barred Parson's claims, (2) certain of Parsons' claims were barred by the doctrine of collateral estoppel, (3) Turley was not estopped from asserting the statute of limitations barred Parsons' claims, and (4) Turley did not waive his right to diligent service of process. We affirm the trial court's judgment.

In September 1991, Parsons' wife died in a plane crash. The plane was owned and operated by E.I. DuPont de Nemours and Company, which also employed the pilots at the time of the crash. Parsons' wife was an employee of Conoco, Inc., which was responsible for overseeing the health and physical competency of DuPont's pilots. Parsons hired Turley to represent him individually and as representative of his wife's estate.

Parsons instructed Turley to file suit against DuPont and Conoco in state court. However, Turley filed suit only against DuPont in state court. DuPont removed the case against it to federal court. In a separate action, Turley filed suit against Conoco in state and was unsuccessful in joining Parson's claims against Conoco in the federal suit. The trial court subsequently granted Conoco's motion for summary judgment in state court on June 13, 1994. On April 25, 1995, the state court entered a final judgment dismissing Parsons' claims against the pilots' estates and all remaining claims. Turley filed a motion for new trial on May 26, 1995. Parsons hired separate appellate counsel who advised him that the court of appeals lacked jurisdiction to consider the appeal because the motion for new trial was filed thirty-one days after the final judgment was signed, and no timely notice of appeal or cost bond was filed. The fourteenth district court of appeals dismissed the appeal for lack of jurisdiction on October 12, 1995, and no further appeals were taken.

In federal court, the suit against DuPont was tried to a jury which entered a verdict in favor of Parsons on his negligence and gross negligence claims and awarded $4,750,000 in actual damages to Parsons and $1 million to his wife's parents. Nevertheless, the federal court sustained DuPont's motion for judgment as a matter of law on the jury's gross negligence findings, holding that the evidence was legally insufficient to support such a finding. On July 27, 1994, the federal court entered judgment awarding Parsons the actual damages found by the jury along with prejudgment interest, postjudgment interest, and court costs. Turley filed a notice of appeal

on behalf of Parsons. However, on December 5, 1994, Parsons informed Turley by letter that Parsons had hired a different lawyer to represent him on appeal in the federal case and that Turley's firm was "relieved of all responsibility with respect to the appeal of [Parsons'] case, effective now." In appealing the federal court's judgment, Parsons argued the evidence was sufficient to support the jury's gross negligence finding. However, on June 12, 1996, the United States Court of Appeals for the Fifth Circuit affirmed the federal court's judgment.

Subsequently, at DuPont's request, Turley sent a letter to DuPont's counsel calculating the principal, prejudgment interest, and post-judgment interest on the federal judgment against DuPont. Parsons disagreed with Turley's calculations in that they failed to compound prejudgment interest. Parsons' counsel submitted different calculations to DuPont. DuPont refused to compound prejudgment interest, and the federal court also denied Parsons' request to compound prejudgment interest. Parsons appealed, and the Fifth Circuit again affirmed the federal court.

As a result of depositions taken in March and April 1998, Parsons learned that Conoco had knowledge before the plane crash that the pilot had an alcohol problem. On June 12, 1998, Parsons sued Turley, alleging, among other things, that Turley negligently failed (1) to discover and use the evidence of the pilot's alcohol problem and (2) to bring suit originally against both DuPont and Conoco in state court. Turley moved for summary judgment on the grounds that Parsons' suit was barred by the statute of limitations, collateral estoppel, and lack of causation. On August 16, 1999, the trial court granted Turley's motion for summary judgment without specifying the grounds for its judgment. This appeal followed.

In his first issue on appeal, Parsons argues the trial court erred in concluding as a matter of law that all of his causes of action were barred by the statute of limitations. Specifically, Parsons argues the accrual of his claims for legal malpractice was tolled by the discovery rule and, under the rationale of *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991), until all appeals were exhausted in the underlying litigation.

■■■ When a defendant moves for summary judgment based on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *See Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 80–81 (Tex.1989); *Fernandez v. Memorial Healthcare Sys., Inc.,* 896 S.W.2d 227, 230 (Tex.App.–Houston [1st Dist.] 1995, writ denied). The question of when a cause of action accrues is a question of law for the court. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). When reviewing a summary judgment, we take as true evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When, as here, a defendant moves for summary judgment on more than one ground, and the judgment does not specify the grounds upon which the trial court relied, we must determine if any of the theories advanced by the parties is meritorious. *See Rogers,* 772 S.W.2d at 79.

■■■ A cause of action for legal malpractice is in the nature of a tort and, thus, is governed by the two-year limitations statute. *First National Bank v. Levine,* 721 S.W.2d 287 (Tex.1986). For a suit to be timely under the two-year statute, it must be brought within two years follow-

ing the date the cause of action accrues. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2000). A cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *Murphy v. Campbell,* 964 S.W.2d 265, 270 (Tex.1997). The legal injury rule is not without exception, however, and sometimes an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. *Id.* This exception, called the "discovery rule," applies in cases of fraud and fraudulent concealment and in other cases in which the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable. *Id.* To be "inherently undiscoverable," an injury need not be absolutely impossible to discover, else suit would never be filed and the question whether to apply the discovery rule would never arise. *Id.; S.V. v. R.V.,* 933 S.W.2d 1, 7 (Tex.1996). Nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover his injury within the prescribed period of limitations; discovery of a particular injury is dependent not solely on the nature of the injury but on the circumstances in which it occurred and the plaintiff's diligence as well. *Murphy,* 964 S.W.2d at 270; *S.V.,* 933 S.W.2d at 7. An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence. *Murphy,* 964 S.W.2d at 270; *S.V.,* 933 S.W.2d at 7.

■■■ The discovery rule applies to claims of legal malpractice. *See Murphy,* 964 S.W.2d at 270; *Willis,* 760 S.W.2d at 646. Thus, the statute of limitations for legal malpractice actions does not begin to run until the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of his cause of action. *Willis,* 760 S.W.2d at 646. When a defendant in a legal malpractice action moves for summary judgment based on the defense of limitations, it has the burden of (1) showing when the cause of action accrued and (2) negating the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or in the exercise of reasonable diligence should have discovered the facts establishing the cause of action. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 n. 2 (Tex.1988); *Rea v. Cofer,* 879 S.W.2d 224, 228 (Tex.App.–Houston [14th Dist.] 1994, no writ).

■■■ When an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled during the pendency of the underlying litigation. *Hughes,* 821 S.W.2d at 157. This rule is based on the rationale that when an attorney commits malpractice while representing a client in litigation, the client can be put in the difficult position of "adopting inherently inconsistent litigation postures in the underlying case and in the malpractice case." *Id.* at 156.

In *Murphy v. Campbell,* 964 S.W.2d 265 (Tex.1997), the supreme court explained that the *Hughes* tolling rule does not toll limitations whenever a litigant might be forced to take inconsistent positions. *See id.* at 272. The court stated:

> We expressly limited the rule in *Hughes* to attorney malpractice in the prosecution or defense of a claim that results in litigation. In such circumstances, to require the client to file a malpractice claim against the lawyer representing him in another case would necessarily

make it virtually impossible for the lawyer to continue his representation. The client's only alternative would be to obtain other counsel. That consideration, coupled with the necessity of taking inconsistent positions, persuaded us to adopt a tolling rule in *Hughes*. We restricted it to the circumstances presented.

*Id.* at 271. Since *Murphy*, other courts of appeals have refused to toll the statute of limitations when the client has obtained other counsel. In *Swift v. Seidler*, 988 S.W.2d 860 (Tex.App.–San Antonio 1999, pet. denied), the San Antonio Court of Appeals followed the rule stated in *Murphy*. In *Swift*, David Swift employed Martin Seidler to file for bankruptcy on Swift's behalf, but the petition for discharge was denied in January 1991. *See id.* at 861. In March 1992, Swift fired Seidler and hired other counsel. The denial of the bankruptcy petition was affirmed by the Fifth Circuit on October 8, 1993. On October 6, 1995, Swift filed the malpractice case against Seidler that was at issue before the San Antonio court. The San Antonio court noted that *Murphy* restricted the *Hughes* rule to situations where filing a malpractice action would require a party to obtain other counsel for the underlying litigation. *See id.* at 862 (citing *Murphy*, 964 S.W.2d at 272). Because Seidler did not continue to represent Swift in the underlying litigation, the *Hughes* rule did not apply, and limitations was not tolled until all appeals of the underlying litigation were exhausted. *See Swift*, 988 S.W.2d at 862.

In *Norman v. Yzaguirre & Chapa*, 988 S.W.2d 460 (Tex.App.–Corpus Christi 1999, no pet.), the Corpus Christi Court of Appeals also followed *Murphy*. In *Norman*, the attorneys failed to respond to requests for admissions. *See id.* at 460. As a result, summary judgment was granted against Michael Norman based on deemed admissions. In April 1994, Norman fired his attorneys and hired new counsel to pursue the appeals, which were exhausted on March 21, 1996. The malpractice suit was filed on February 14, 1997. The court held that under *Murphy*, limitations began to run on Norman's malpractice claim in April 1994, because Norman was then no longer in a position where filing a malpractice case against the original attorney would force him to seek new counsel for the underlying case. *See id.* at 463.

At the outset, we note that this appeal arises out of Turley's representation of Parsons in two separate suits: one against DuPont in federal court and one against Conoco in state court. Thus, we will address separately whether each case is barred by the statute of limitations or whether the statute of limitations was tolled by the discovery rule or the rationale of *Hughes*.

In the federal case against DuPont, the record shows Turley filed suit only against DuPont against Parsons' instructions. The suit was removed to federal court and, despite Turley's efforts, Turley was unable to join Conoco as a party. Nevertheless, Turley tried the case and obtained a verdict in favor of Parsons. The federal court granted DuPont's motion for judgment as a matter of law in which DuPont argued the evidence was insufficient to support a finding of gross negligence. On July 27, 1994, the federal court signed a judgment awarding Parsons actual damages.

Parsons argues Turley committed legal malpractice by failing to investigate fully the facts surrounding Parsons' negligence and gross negligence claims, failing to conduct reasonable discovery, failing to submit evidence sufficient to support Parsons' gross negligence claim, failing to follow Parsons' orders and directives regarding prosecution of the case, failing to join

Conoco as a defendant in the case against DuPont, failing to file a timely motion for court costs in the federal case, and charging excessive fees for work product. We conclude the discovery rule does not toll the statute of limitations for any of these claims. By July 27, 1994, the date of the federal court judgment, Parsons knew that Turley had failed to uncover or present sufficient evidence to support Parsons' gross negligence claims when the federal court granted DuPont's motion for judgment as a matter of law and concluded the evidence was insufficient to support a gross negligence finding. Parsons also knew Turley had failed to follow his instructions to sue Conoco and DuPont in a single suit when Turley filed suit separately against Conoco and DuPont. Further, Parsons was aware of or, in the exercise of reasonable diligence, should have discovered Turley's filings in federal court and his fees by the time the federal court signed its judgment on July 27, 1994. Under these circumstances, the discovery rule did not toll the statute of limitations on Parsons' cause of action for legal malpractice in the federal case past July 27, 1994, almost four years before Parsons filed suit.

Similarly, we conclude the *Hughes* doctrine does not toll the statute of limitations with respect to the federal suit. *Murphy* limited *Hughes* to claims against a lawyer arising out of litigation where the party must not only assert inconsistent positions but must also obtain new counsel. *Murphy*, 964 S.W.2d at 273. Here, Parsons relieved Turley of all responsibility with respect to the appeal of his case and any settlement negotiations on December 5, 1994. Parsons obtained different appellate counsel and proceeded with his appeal to the Fifth Circuit. Under these circumstances, Parsons was not in a position where filing a malpractice claim against Turley would have forced him to seek new counsel for the underlying case. *See Norman*, 988 S.W.2d at 463. Thus, the statute of limitations was not tolled until all appeals were exhausted regarding the federal case.

In reaching this conclusion, we necessarily reject Parsons' assertion that Turley never withdrew as Parsons' attorney in the underlying action or terminated the attorney/client relationship with Parsons. The record reflects that, after Parsons relieved Turley of all responsibility for the appeal in federal court, Turley wrote several letters computing court costs awarded in the judgment against DuPont and pre- and post-judgment interest. Turley considered himself "one of Mr. Parsons' attorneys" and continued to represent Parsons in the state suit against Conoco. However, as noted above, the federal court entered its final judgment on July 27, 1994, and Parsons relieved Turley of all further responsibility for the appeal of the case against DuPont on December 5, 1994. We conclude Parsons' letter expressly relieving Turley of all responsibility with respect to the appeal of the federal case effectively terminated Turley's representation of Parsons in the federal case. A client has the absolute right to discharge an attorney at any time, with or without cause. *Bray v. Squires*, 702 S.W.2d 266, 272 (Tex.App.–Houston [1st Dist.] 1985, no writ); *see Hume v. Zuehl*, 119 S.W.2d 905, 907 (Tex.Civ.App.—San Antonio 1938, writ ref'd). Although Turley may have still considered himself "one of Mr. Parsons' attorneys," we conclude Turley's perception of his status was irrelevant. The right to terminate the representation with respect to the federal case was Parsons' alone. *See Bray*, 702 S.W.2d at 272; *Hume*, 119 S.W.2d at 907.

Parsons further argues that his letter relieving Turley of all responsibility with respect to the DuPont appeal only

reflected Parsons' hiring of *additional* counsel to handle the *appeal*. Parsons contends Turley continued to represent Parsons relative to all other matters in the underlying case, including the state suit against Conoco. However, once the federal court entered its final judgment on July 27, 1994, all that remained was an appeal from that judgment. Thus, we conclude Parsons' relieving Turley of all responsibility with respect to the DuPont *appeal* had the effect of relieving Turley of all responsibility for the DuPont *case*. Parsons argues he was still faced with the *Hughes* dilemma of having to fire and replace Turley with respect to all other matters, including the Conoco suit, if he filed suit against Turley for legal malpractice in the DuPont suit. Even if Parsons was in the *Hughes* dilemma until Turley's representation ended completely on October 12, 1995, the date the appeal in state court was dismissed, Parsons' suit against Turley in June 1998 still came too late.

■ In the state court case against Conoco, Conoco moved for summary judgment on various grounds, including the grounds that Conoco could not be held liable for negligence and negligent entrustment because the plane that crashed was owned and operated by DuPont, and the Texas Worker's Compensation Act barred recovery of damages because Conoco was Parsons' wife's employer. The state trial court granted Conoco's motion for summary judgment in June 1994. After the verdict in the federal suit against DuPont, the remaining defendants in the state suit sought and obtained summary judgment on the basis of res judicata. Thirty-one days later, on May 26, 1995, Turley filed a motion for new trial. As a result, the state court of appeals dismissed the appeal for want of jurisdiction because no timely notice of appeal or cost bond had been filed. Parsons complains that, in the suit against Conoco, Turley failed to respond properly to the summary judgment motions, failed to file a timely motion for new trial, and failed to provide Parsons with the correct appellate timetable. We conclude the discovery rule does not apply in this case. Parsons was aware of or should have known of Turley's responses to the motions for summary judgment when the state court granted those motions for summary judgment. Similarly, Parsons was or should have been aware of Turley's failure to file a timely motion for new trial or correctly compute the appellate timetables on October 12, 1995, when the state court of appeals dismissed his appeal for want of jurisdiction.

■ Although Parsons did not expressly terminate Turley's representation on appeal in the Conoco suit, the *Hughes* rule does not toll the statute of limitations with respect to legal malpractice claims once the underlying litigation is ended. On October 12, 1995, the appeal in the Conoco suit was dismissed, and the case against Conoco in state court came to an end. Thus, even if the *Hughes* rule tolled the statute of limitations during the pendency of the underlying litigation, the tolling period came to an end on October 12, 1995. Parsons' June 12, 1998 petition, filed nearly three years after that date, was therefore barred by the statute of limitations.

Accordingly, because Parsons' legal malpractice claims against Turley were barred by the statute of limitations with respect to both the DuPont and Conoco cases, the trial court properly granted summary judgment against Parsons. We overrule Parsons' first issue on appeal. Because of our disposition of Parsons' first issue on appeal, we need not address his remaining issues on appeal.

We affirm the trial court's judgment.