**Reversed and Remanded and Memorandum Opinion filed October 12, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00688-CV

**KLEIN INDEPENDENT SCHOOL DISTRICT AND HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #48, Appellants**

**V.**

**NORTHWOOD LIGHTING CORPORATION, Appellee**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1130200**

## MEMORANDUM OPINION

Appellants Klein Independent School District and Harris County Municipal Utility District #48 appeal the trial court's judgment in favor of appellee, dissolving a tax warrant for taxes alleged to be owed by appellee for tax years 2013 through 2018 and awarding appellee attorneys' fees. We reverse and remand.

# I.  BACKGROUND

In March 2019, appellants filed an Application for Tax Warrant to collect on alleged delinquent ad valorem taxes owed for years 2013–2018, as well as attorney's fees for collection.  On March 26, 2019, the trial court granted appellants' application and approved the tax warrant.

On June 3, 2019, appellee filed a petition for declaratory relief, application for injunctive relief, and a general denial.  In its petition, appellee argued that appellants were "prohibited from seeking such a tax warrant in violation of Texas Tax Code § 33.05" because "tax years 2013 and 2014 have been delinquent for more tha[n] the statutory . . . period."  Appellee alleged that a "controversy and dispute exists as to the legality of the basis for this tax warrant.  Unless the tax warrant is truthful in its entirety, it is void."  Appellee further alleged that sovereign immunity did not "shield" appellants from their "misdeeds."  Appellee asked the trial court to temporarily enjoin appellants from collecting funds from appellee "until the proper tax amounts have been resolved," from seizing appellee's property, and from attempting to sell or auction any of appellee's property.

The trial court entered a temporary restraining order against appellants and set a hearing on appellee's application for temporary injunction for thirteen days later.  At the temporary injunction hearing, the trial court rendered a judgment against appellants dissolving the tax warrant, reconsidering and denying any order previously granted by the trial court, ordering appellants to release any "hold, restriction, or prohibition against all personal property owned by [appellee]," awarding attorneys fees to appellee in the amount of $2,000, and an additional sum of $5,000 against appellants if appellants appeal the order.

2

The trial court issued findings of fact and conclusions of law stating that appellants were "prohibited from seeking such a tax warrant for tax years 2013 and 2014 because they are barred from collection under the statute of limitation," and appellants' attempt to collect such taxes was "illegal." Appellants "failed to disclose all relevant and pertinent facts and to clearly state the law . . . Counsel was not performing a governmental function and thus not protected by governmental or sovereign immunity." The trial court found that appellants were not candid with the trial court because they failed to disclose that they were seeking to collect taxes that were barred by the statute of limitations and they were trying to enforce a judgment obtained in another court. The trial court found that appellee was entitled to attorney's fees for its declaratory judgment claim and that appellee is entitled to recover additional attorney's fees if appellants appeal.

Appellants filed a motion for new trial arguing that the trial court improperly entered a final order at a temporary injunction hearing, that the use of the Declaratory Judgments Act to raise an affirmative defense in a delinquent tax suit is improper, that dissolving the tax warrant for all years when only some were objectionable was improper, and that using the Declaratory Judgments Act to obtain attorney's fees against appellants was error. The trial court denied appellants' motion.

## II.    FINAL JUDGMENT AT TEMPORARY INJUNCTION HEARING

In their first issue appellants argue that the trial court erred in rendering a final judgment at the temporary injunction hearing because it was premature for the trial court to make a final ruling on appellee's declaratory judgment claim. Appellee argues that it was within the trial court's discretion to "rule on the merits of the case at the temporary injunction hearing."

"The law is well settled . . . that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged." *James v. E. Weinstein & Sons*, 12 S.W.2d 959, 961 (Tex. Comm'n App. 1929). "If the result of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits." *Id.*; *see also Watts v. Alto Indep. Sch. Dist. of Alto, Cherokee Cty.*, 537 S.W.2d 776, 778 (Tex. App.—Tyler 1976, no writ) ("The legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits, and any attempt to rule on the merits would be invalid."); *Hume v. Zuehl*, 119 S.W.2d 905, 907 (Tex. App.—San Antonio 1938, writ ref'd) ("If the temporary injunction had been granted, as prayed for, it would have . . . change[d] the status quo and accomplish[ed] the main purpose of the suit before it ever came to a trial on the merits. A temporary injunction will not be issued under such circumstances.").

Both appellee and appellants agree that the trial court rendered a final judgment at the temporary injunction hearing.[1] Because the order rendered by the trial court finally decided the merits of appellee's claims, the trial court did more than preserve the status quo and, instead, accomplished the object of the suit. This

---

[1] Even if the order at issue was merely a temporary injunction, the order would still be void because it failed to set the cause for trial on the merits. *See Conway v. Shelby*, 432 S.W.3d 377, 380 (Tex. App.—Texarkana 2014, no pet.) ("The procedural requirements of Rule 683 are mandatory and must be strictly followed. An order granting a temporary injunction that does not comply with the Rule is subject to being declared void and dissolved, regardless of whether the defect was raised or briefed on appeal." (citing *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam);.*InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986) (per curiam))).

was error.  *See James*, 12 S.W.2d at 961; *Watts*, 537 S.W.2d at 778; *Hume*, 119 S.W.2d at 907.  We sustain appellants' first issue.

### III.  CONCLUSION

Because the first issue is dispositive, we need not address the remaining issues raised on appeal.  Tex. R. App. P. 47.1.  We reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.


/s/    Ken Wise
        Justice


Panel consists of Justices Wise, Bourliot, and Wilson.