

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00008-CV

IN THE MATTER OF THE MARRIAGE OF LILIANE D. NZUKOU NJIPWO AND
PIERRE NYA NJIPWO AND IN THE INTEREST OF F.L.N. AND R.K.N.N., CHILDREN

On Appeal from the County Court at Law #3
Williamson County, Texas[1]
Trial Court No. 23-0697-FC3, Honorable Doug Arnold, Presiding

March 18, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Pierre Nya Njipwo, appeals from a final decree of divorce dissolving his marriage to Appellee, Liliane D. Nzukou Njipwo.  He raises two issues, contending the trial court abused its discretion by allowing his counsel to withdraw during trial and by dividing the marital estate as it did.  We affirm.

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

## BACKGROUND

The parties are originally from Cameroon, Africa, where they agreed to marry in 1999. Appellant moved to the United States that same year. Appellee followed in 2001. They relocated to Texas in 2006 and have lived there since.

After more than twenty years of marriage, Appellee filed for divorce. Appellant signed a waiver of service, and the parties proceeded to mediation. They reached an agreement concerning possession and access to their two children but could not agree on how to divide the marital assets. A bench trial followed on the division.

The proceedings began with the court asking what issues required its decision. Counsel for both parties described the dispute as regarding how to divide the assets, not what the assets were. Appellee's attorney provided a spreadsheet listing the assets and proposing a division. Appellant's trial counsel had no objection to using the spreadsheet as a guide, and neither the existence of the assets nor their values were contested.

Thereafter, the parties agreed to the existence and values of bank accounts, vehicles, retirement accounts, the marital residence, and the debts. When discussion turned to an alleged second mortgage on the marital residence, Appellant's trial counsel told the court she did not have supporting documents because, "My client had asked me to withdraw, that he wanted to represent himself . . . ." The court observed that the case was on the verge of resolution and suggested pressing forward. The discussion continued.

Discussion between the trial court and the attorneys continued on the existence and value of the property and how it was to be awarded to the parties. The court then

paused to provide a rough calculation of the value of property being awarded to Appellee—$138,500—and to appellant $813,000. When the trial court began discussing how to address that disparity, Appellant's trial counsel informed the court Appellant maintained that Cameroon law should apply to the division. The court disagreed. The following exchange then took place:

> THE COURT: He's wrong. I'm not following Cameroon law in my court.
>
> APPELLANT'S COUNSEL: So he wants to -- he doesn't want to agree to any of this.
>
> THE COURT: He doesn't have to agree.
>
> APPELLANT: Your Honor --
>
> THE COURT: Hold on. Are you going to withdraw or not?
>
> APPELLANT'S COUNSEL: Would you like me to withdraw?
>
> (*Sotto voce* discussion off the record.)
>
> APPELLANT'S COUNSEL: Okay. Well, I'm here --
>
> THE COURT: Either she's your lawyer and she does all the talking or she withdraws and you do the talking. I highly doubt it's going to be a different result, but that's completely up to you.
>
> APPELLANT'S COUNSEL: So would you like me to withdraw?
>
> APPELLANT: Yes, because I have to be able --
>
> APPELLANT'S COUNSEL: Okay.

At the trial court's instruction, on the record and in front of Appellant, Appellant's trial counsel handwrote an order permitting her withdrawal. Appellant signed it, consenting to the order. The court signed it and it was filed. Appellant's trial counsel was excused from the remainder of the trial.

3

Thereafter, the court awarded Appellee an owelty lien of $337,500 on the marital residence to equalize the division. It required Appellant to refinance the house by the end of January 2025 and to pay Appellee her share from the proceeds. The court ordered that if Appellant failed to refinance by that date, the house would be listed for sale no later than March 1, 2025. The ruling was memorialized in a final decree of divorce. Appellant filed a motion for new trial, which was overruled by operation of law. This appeal followed.

**ANALYSIS**

Both issues require us to determine whether the trial court abused its discretion. Under that standard, we may reverse only if the trial court "acts unreasonably or arbitrarily without reference to guiding rules or principles." *Mannas v. Mannas*, No. 03-21-00288-CV, 2023 Tex. App. LEXIS 4550, at *10 (Tex. App.—Austin June 28, 2023, no pet.), (*citing Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

A. Withdraw of Counsel

In his first issue, Appellant argues the trial court abused its discretion by allowing his attorney to withdraw in the middle of trial. We disagree.

"Although a client may discharge his attorney at any time even without cause, an attorney may withdraw from representation of a client only if he satisfies the requirements of [Texas Rule of Civil Procedure] 10." *Rogers v. Clinton*, 794 S.W.2d 9, 10 n.1 (Tex. 1990) (citing *Hume v. Zuehl,* 119 S.W.2d 905 (Tex. Civ. App.—San Antonio 1938, writ ref'd)). Appellant's briefing focuses entirely on Rule 10 and the requirements an attorney must meet to withdraw for her own reasons. He does not address what actually occurred

4

here: his attorney did not seek to withdraw on her own initiative. Appellant expressed the desire for her to go.

The record shows that Appellant's trial counsel informed the court her client had asked her to withdraw because he wanted to represent himself. Later, counsel turned to Appellant and asked directly, "Would you like me to withdraw?" After a brief off-the-record discussion, counsel asked again, "So would you like me to withdraw?" Appellant replied, "Yes, because I have to be able --." Appellant then signed an order consenting to the withdrawal.

Under the doctrine of invited error, Appellant cannot complain that the court erred by doing what he asked. The doctrine applies when a party requests the court to make a specific ruling and then complains of that ruling on appeal. *Int. of G.X.H.*, 627 S.W.3d 288, 301 (Tex. 2021) (citing *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009). Because Appellant asked the court to allow his attorney to withdraw and consented to the withdraw, he cannot now complain about the court giving him what he sought. We overrule Appellant's first issue.

B. Division of Property

In his second issue, Appellant argues the trial court abused its discretion because the evidence is legally and factually insufficient to support the division of property. Specifically, he contends the trial court received no admissible evidence of the existence, character, or value of the marital estate because the attorneys' statements on the record were unsworn and therefore do not constitute evidence. We disagree.

A trial court has "wide discretion" in making a just and right division of the marital estate. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Ly v. Nguyen*, No. 03-23-00535-CV, 2025 Tex. App. LEXIS 7395, at *18 (Tex. App.—Austin Sept. 19, 2025, no pet.). "Every reasonable presumption should be resolved in favor of the proper exercise of discretion by the trial court in dividing the property of the parties." *Ly*, No. 03-23-00535-CV, 2025 Tex. App. LEXIS 7395, at *18 (quoting *Zieba v. Martin*, 928 S.W.2d 782, 791 (Tex. App.—Houston [14th Dist.] 1996, no writ)). Property possessed by either spouse on the dissolution of marriage is presumed to be community property. Tex. Fam. Code § 3.003.

Appellant is correct that unsworn statements of counsel generally do not constitute evidence. *Vaccaro v. Raymond James & Assocs., Inc.*, 655 S.W.3d 485, 491 (Tex. App.—Fort Worth 2022, no pet.). But that general rule has exceptions. The oath requirement may be waived when neither party objects and both proceed on an agreed factual basis. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005); *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (waiver of complaint to unsworn statement of counsel due to the lack of timely objection). And to preserve a complaint for appellate review, a party must present a timely objection to the trial court stating the specific grounds, if not apparent from the context. Tex. R. App. P. 33.1(a).

Here, the record reflects that both attorneys, without objection from either party, went through the marital estate item by item, announcing the parties' agreements on the existence and value of each asset and debt. When the trial court asked Appellant's trial counsel whether she objected to using Appellee's spreadsheet as a guide, counsel said she had no objection. When the court identified specific assets, their ownership, and their

6

values, Appellant's trial counsel either agreed or offered no dispute. When the court calculated rough totals, counsel did not object to the figures or the procedure. Appellant himself was present throughout and raised no objection to the method by which the court was receiving information about the estate.

Appellant now contends the trial court lacked evidence to support its division. But he cannot remain silent while his counsel agrees to the factual basis for the division, then complain on appeal that the agreed-upon facts were not properly in evidence. Having failed to object to the procedure at trial, Appellant has waived this complaint. *See* TEX. R. APP. P. 33.1(a); *Banda*, 955 S.W.2d at 272.

Even setting aside waiver, Appellant's argument fails because he does not identify any specific error in the division. The Family Code requires the trial court to divide the marital estate in a manner that is "just and right, having due regard for the rights of each party." TEX. FAM. CODE § 7.001. Texas courts apply a harm analysis when evaluating claimed errors in property valuation or characterization. If the alleged error has only a de minimis effect on the trial court's just and right division, reversal is not required. *Monroe v. Monroe*, 358 S.W.3d 711, 719 (Tex. App.—San Antonio 2011, pet. denied). Appellant broadly contends the trial court lacked evidence to support the division. But he does not argue that any particular asset was misidentified, mischaracterized, or misvalued. He does not contend that the marital residence was worth more or less than the figure the court used, that the retirement accounts were improperly valued, or that any bank account balance was misstated. Without identifying error affecting a specific asset, Appellant cannot demonstrate that the division fails the just and right standard. Appellant has not shown the division of marital property was unjust or that any error, if one occurred, had

more than a de minimis effect on the outcome.  The trial court did not abuse its discretion. We overrule Appellant's second issue.

## CONCLUSION

Having overruled both issues, we affirm that trial court's judgment.


Lawrence M. Doss
Justice